# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID DESPOT | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-490 |
| | § | (Judge Mazzant/Judge Nowak) |
| SCOTT SMITH, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 29, 2015, the report of the Magistrate Judge (Dkts. #79) was entered containing proposed findings of fact and recommendations that Defendant Hartzog Conger Cason & Neville's ("Defendant Hartzog") Motion to Dismiss (Dkt. #18) be granted. The Magistrate Judge recommended Plaintiff's claims be dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #79). Having received the report of the Magistrate Judge (Dkt. #79), having considered each of Plaintiff's timely filed objections (Dkt. #82), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #79) as the findings and conclusions of the Court.

## BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation in detail, and such facts need not be restated fully herein (*see* Dkt. #79). This litigation relates to Plaintiff's prior employment with AIL, which was terminated on or about September of 2009. *See generally Despot v. American Income Life Ins. Co.*, No. 1:10-cv-932, 2012 WL 3070980, at *1 (S.D. Ohio July 30, 2012), *aff'd Despot v. American Income Life Ins. Co.*,

No. 12-4020 (6th Cir. July 3, 2013). Following Plaintiff's termination, Plaintiff filed suit against AIL and Torchmark (alleged to be AIL's parent company) in the United States District Court for the Southern District of Ohio and asserted claims for failure to accommodate Plaintiff's religious beliefs, religious and age discrimination, sexual harassment, and retaliation (the "Ohio litigation"). *Id*. In the Ohio litigation, Plaintiff more specifically alleged that AIL and Torchmark's practice of requiring Plaintiff to travel on Sundays violated his religious beliefs, and Plaintiff asserted that he was terminated when he complained about such practices. *Id*. Plaintiff further asserted that he was terminated in retaliation for reporting sexual harassment to his superiors. *Id*. The Ohio litigation resulted in a summary judgment in favor of AIL and Torchmark and dismissal of Plaintiff's claims with prejudice. The judgment of the Ohio district court was later affirmed by the Sixth Circuit. *Id*.

Plaintiff then filed this litigation; Plaintiff initially filed in ten (10) separate cases before the United States District Court for the Northern District of Texas on July 29, 2014 (Dkt. #1). The Northern District of Texas determined venue to be improper and, on July 30, 2014, all ten (10) cases were transferred to the United States District Court for the Eastern District of Texas and later consolidated (Dkts. #5-6; Dkt. #11; Dkt. #72). In his Complaint before this Court, Plaintiff once again alleges claims against Defendants AIL and Torchmark, and further asserts claims against Defendant Hartzog, Liberty Mutual Life Insurance Company, Family Heritage Life Insurance Company of America, Brian Mitchell, Domenico Bertini, James Gentile, Mark McAndrew, Robert Falvo, Roger Smith, and Scott Smith (Dkt. #14). Plaintiff's claims in the present litigation in large part are based on and/or stem from his claims raised in the Ohio litigation. *Id*.

More specifically as to Defendant Hartzog, following the termination of Plaintiff's employment from AIL, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") asserting employment discrimination. AIL retained Defendant Hartzog, a law firm, to respond to Plaintiff's Charge of Discrimination (Dkt. #18 at 1). Plaintiff asserted Defendant Hartzog violated his rights and caused injury by authoring an August 19, 2010 memorandum to the EEOC (the "August 19, 2010 Memo") on behalf of its client AIL (Dkt. #14 at 49-50). The August 19, 2010 Memo, attached to Plaintiff's Amended Complaint, recites that "[AIL] denies the allegations in the Charge of Discrimination… and submits" certain materials in response (Dkt. #14, Ex. 5). Defendant Hartzog signed the August 19, 2010 Memo in its capacity as AIL's counsel. Plaintiff does not dispute that at all applicable times Defendant Hartzog represented AIL (Dkt. #18 at 1), and at no time did Defendant Hartzog represent, purport to represent, and/or did Plaintiff understand Defendant Hartzog to represent Plaintiff. *Id*.

In his Complaint, Plaintiff alleged this single act of authoring and sending the August 19, 2010 Memo on behalf of AIL gives rise to thirteen (13) causes of action against Defendant Hartzog for: (1) breach of fiduciary duty; (2) breach of written contracts; (3) defamation by libel; (4) fraud by misrepresentation; (5) fraud by nondisclosure; (6) intentional infliction of emotional distress; (7) interference with existing contract; (8) interference with prospective contract; (9) invasion of privacy; (10) misrepresentation; (11) negligence; (12) negligent misrepresentation; and (13) promissory estoppel (Dkt. #14 at 49-59). On October 29, 2015, the Magistrate Judge entered a report and recommendation containing proposed findings of fact and recommendations that Defendant Hartzog's Motion to Dismiss (Dkt. #18) be granted, and Plaintiff's claims against Defendant Hartzog be dismissed

with prejudice (Dkt. #79). The Magistrate Judge recommended Plaintiff's claims against Defendant Hartzog be dismissed because (1) no cause of action for litigation-related misconduct exists; (2) such claims are barred by an absolute litigation privilege; (3) Plaintiff's claims for defamation by libel, intentional infliction of emotional distress, interference with existing contract, interference with prospective contract, invasion of privacy, misrepresentation, negligent misrepresentation, and negligence are further barred by the applicable statutes of limitations; and (4) Plaintiff's Amended Complaint does not set forth sufficient factual allegations sufficient to state a claim against Defendant Hartzog (Dkt. #79 at 19). On November 19, 2015, Plaintiff made a filing entitled "Plaintiff's Initial Response to Report and Recommendation of United States Magistrate Judge Dated October 29, 2015 and November 2, 2015 (November 14, 2015)" (Dkt. #82), which the Court construes as objections to the reports and recommendations of the Magistrate Judge.

## ANALYSIS

In his objections, Plaintiff states that he is "in disagreement" with the reports and recommendations of the Magistrate Judge for "previously provided reasons," and asserts that he has been "severely prejudiced" (Dkt. #82 at 2). This is the entirety of Plaintiff's objections to the detailed report and recommendation of the Magistrate Judge.[1] *Id.* A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need

---

[1] On November 2, 2015, the Magistrate Judge also entered a report and recommendation recommending that Plaintiff's claims against the remaining Defendants be dismissed (Dkt. #80). Notably, Plaintiff objects to both reports and recommendations of the Magistrate Judge in Plaintiff's single filing, but the Court will address each report and recommendation of the Magistrate Judge in a separate memorandum.

4

not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). In Plaintiff's filing, he does not identify any specific issue of law or fact, among those set forth in the Magistrate Judge's report and recommendation, with which he disagrees, nor does he address the findings and recommendations of the Magistrate Judge. Therefore, Plaintiff's objections fail to invoke his right to a de novo review of the report and recommendation.

Nevertheless, the Court has undertaken a de novo review of the reports and recommendations. The Court agrees with the Magistrate Judge that there is no civil cause of action for litigation-related misconduct, and that in addition Defendant Hartzog is protected from suit regarding its conduct in the Ohio litigation by the litigation privilege (Dkt. #79 at 10-11). Moreover, the Court agrees that eight of Plaintiff's thirteen claims against Defendant Hartzog are barred by the statute of limitations – specifically those for (1) defamation by libel, (2) intentional infliction of emotional distress, (3) interference with existing contract, (4) interference with prospective contract, (5) invasion of privacy, (6) misrepresentation, (7) negligent misrepresentation, and (8) negligence. *Id*. at 14. The Court also further agrees with the Magistrate Judge that Plaintiff's claims should be dismissed for failure to state a claim. *Id*. at 16-17. Accordingly, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #82), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #79) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant Hartzog Conger Cason & Neville's Motion to Dismiss (Dkt. #18) is **GRANTED**, and Plaintiff's claims against Defendant Hartzog Conger Cason & Neville are **DISMISSED** with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**IT IS SO ORDERED.**
**SIGNED this 14th day of December, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE