# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAVID DESPOT | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-490 |
| | § | (Judge Mazzant/Judge Nowak) |
| SCOTT SMITH, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 2, 2015, the report of the Magistrate Judge (Dkt. #80) was entered containing proposed findings of fact and recommendations that Defendants Scott Smith, Roger Smith, Brian Mitchell, Domenico Bertini, Robert Falvo, James Gentile, Mark McAndrew (collectively the "Individual Defendants"), American Income Life Insurance Company ("AIL"), Torchmark Corporation ("Torchmark"), Family Heritage Life Insurance Company of America ("Family Heritage"), and Liberty National Life Insurance Company's ("Liberty National" and collectively the "Torchmark Defendants") Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #21) be granted. The Magistrate Judge recommended Plaintiff's claims be dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #80). Having received the report of the Magistrate Judge (Dkt. #80), having considered each of Plaintiff's timely filed objections (Dkt. #82), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #80) as the findings and conclusions of the Court.

# BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation in detail, and such facts need not be restated fully herein (*see* Dkt. #80). This litigation relates to Plaintiff's prior employment with AIL, which was terminated on or about September of 2009. *See generally Despot v. American Income Life Ins. Co*., No. 1:10-cv-932, 2012 WL 3070980, at *1 (S.D. Ohio July 30, 2012), *aff'd Despot v. American Income Life Ins. Co*., No. 12-4020 (6th Cir. July 3, 2013). Following Plaintiff's termination, Plaintiff filed suit against AIL and Torchmark (alleged to be AIL's parent company) in the United States District Court for the Southern District of Ohio and asserted claims for failure to accommodate Plaintiff's religious beliefs, religious and age discrimination, sexual harassment, and retaliation (the "Ohio litigation"). *Id*. In the Ohio litigation, Plaintiff more specifically alleged that AIL and Torchmark's practice of requiring Plaintiff to travel on Sundays violated his religious beliefs, and Plaintiff asserted that he was terminated when he complained about such practices. *Id*. Plaintiff further asserted that he was terminated in retaliation for reporting sexual harassment to his superiors. *Id*. The Ohio litigation resulted in a summary judgment in favor of AIL and Torchmark and dismissal of Plaintiff's claims with prejudice. The judgment of the Ohio district court was later affirmed by the Sixth Circuit. *Id*.

Plaintiff then filed this litigation; Plaintiff initially filed in ten (10) separate cases before the United States District Court for the Northern District of Texas on July 29, 2014 (Dkt. #1). The Northern District of Texas determined venue to be improper and, on July 30, 2014, all ten (10) cases were transferred to the United States District Court for the Eastern District of Texas and later consolidated (Dkts. #5-6; Dkt. #11; Dkt. #72). In his Complaint before this Court, Plaintiff once again alleges claims against Defendants AIL and Torchmark, and further asserts

claims against Defendant Hartzog, Liberty Mutual, Family Heritage, and the Individual Defendants (Dkt. #14). Plaintiff's claims in the present litigation in large part are based on and/or stem from his claims raised in the Ohio litigation. *Id.*

More specifically as to the Torchmark Defendants, and in addition to his reasserted 2009 claims regarding discrimination and retaliation, Plaintiff contends that he was not hired for various available positions with AIL, Liberty National, and/or Family Heritage that he applied for in 2013 (Dkt. #14 at 3-4). Plaintiff alleges that he was discriminated and/or retaliated against when he was not interviewed and/or hired for these positions. *Id.* As previously described by the Magistrate Judge, Plaintiff makes single allegations regarding many of the Defendants when setting forth the alleged wrongful conduct of each (*see generally* Dkt. #14).

Plaintiff alleges his sparse factual allegations give rise to sixteen (16) causes of action against Defendants AIL/Torchmark and Liberty National/Torchmark for: (1) breach of fiduciary duty; (2) breach of oral contracts; (3) breach of written contracts; (4) defamation by libel; (5) fraud by misrepresentation; (6) fraud by nondisclosure; (7) intentional infliction of emotional distress; (8) interference with existing contract; (9) interference with prospective contract; (10) invasion of privacy; (11) misrepresentation; (12) negligence; (13) negligent misrepresentation; (14) promissory estoppel; (15) retaliation; and (16) "other federal laws and/or Texas state laws applicable to this Complaint" (*see generally* Dkt. #14). Against Defendants Family Heritage/Torchmark, Plaintiff asserts the following twelve (12) causes of action for: (1) breach of fiduciary duty; (2) breach of oral contracts; (3) defamation by libel; (4) fraud by misrepresentation; (5) fraud by nondisclosure; (6) intentional infliction of emotional distress; (7) interference with prospective contract; (8) misrepresentation; (9) negligence; (10) negligent

misrepresentation; (11) promissory estoppel; and (12) "other federal laws and/or Texas state laws applicable to this Complaint." *Id.* Plaintiff further alleges his factual allegations give rise to a total of sixteen (16) causes of action against the Individual Defendants for: (1) breach of fiduciary duty; (2) breach of oral contracts; (3) breach of written contracts; (4) defamation by libel; (5) defamation by slander; (6) fraud by misrepresentation; (7) fraud by nondisclosure; (8) intentional infliction of emotional distress; (9) interference with existing contract; (10) interference with prospective contract; (11) invasion of privacy; (12) misrepresentation; (13) negligence; (14) negligent misrepresentation; (15) promissory estoppel; and (16) "other federal laws and/or Texas state laws applicable to this Complaint." *Id*.

On November 2, 2015, the Magistrate Judge entered a report and recommendation containing proposed findings of fact and recommendations that the Torchmark Defendants' Motion to Dismiss (Dkt. #21) be granted, and Plaintiff's claims against the Torchmark Defendants be dismissed with prejudice (Dkt. #80). The Magistrate Judge recommended that Plaintiff's claims arising out of conduct occurring in connection with Plaintiff's earlier 2009 employment and termination with AIL/Torchmark be dismissed because they are barred by res judicata (Dkt. #80 at 30). Moreover, the Court recommended Plaintiff's claims against Family Heritage/Torchmark and the Individual Defendants for defamation by libel, defamation by slander, intentional infliction of emotional distress, interference with existing contract, interference with prospective contract, negligent misrepresentation, misrepresentation, and negligence be dismissed because they are barred by the applicable statutes of limitations. *Id*. In addition, the Magistrate Judge found Plaintiff's Amended Complaint did not set forth sufficient factual allegations sufficient to state a claim against Defendants, and more specifically, Defendants AIL/Torchmark, Liberty National/Torchmark, Family Heritage/Torchmark, and

Scott Smith. *Id.* On November 19, 2015, Plaintiff made a filing entitled "Plaintiff's Initial Response to Report and Recommendation of United States Magistrate Judge Dated October 29, 2015 and November 2, 2015 (November 14, 2015)" (Dkt. #82), which the Court construes as objections to the reports and recommendations of the Magistrate Judge.

## ANALYSIS

In his objections, Plaintiff states that he is "in disagreement" with the reports and recommendations of the Magistrate Judge for "previously provided reasons," and asserts that he has been "severely prejudiced" (Dkt. #82 at 2). This is the entirety of Plaintiff's objections to the detailed report and recommendation of the Magistrate Judge.[1] *Id.* A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). In Plaintiff's filing, he does not identify any specific issue of law or fact, among those set forth in the Magistrate Judge's report and recommendation, with which he disagrees, nor does he address the findings and recommendations of the Magistrate Judge. Therefore, Plaintiff's objections fail to invoke his right to a de novo review of the report and recommendation.

---

[1] On October 292, 2015, the Magistrate Judge also entered a report and recommendation recommending that Plaintiff's claims against Defendant Hartzog be dismissed (Dkt. #79). Notably, Plaintiff objects to both reports and recommendations of the Magistrate Judge in Plaintiff's single filing, but the Court addresses each report and recommendation of the Magistrate Judge in a separate memorandum.

Nevertheless, the Court has undertaken a de novo review of the reports and recommendations. The Court agrees with the Magistrate Judge that Plaintiff's claims for retaliation and all other claims that were or could have been raised in support of those causes of action in the Ohio litigation are barred in this Court (Dkt. #80 at 13). Moreover, the Court agrees that Plaintiff's claims against Family Heritage, Torchmark, Roger Smith, Brian Mitchell, Domenico Bertini, Robert Falvo, James Gentile, and Mark McAndrew for breach of fiduciary duty, breach of oral contract, breach of written contract, fraud by misrepresentation, fraud by nondisclosure, and promissory estoppel should be dismissed because they are barred by the applicable statutes of limitations for each claim. *Id*. at 16. The Court also further agrees with the Magistrate Judge that Plaintiff's claims against the Torchmark Defendants should be dismissed for failure to state a claim. *Id*. at 17-29. Accordingly, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #82), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #80) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants Scott Smith, Roger Smith, Brian Mitchell, Domenico Bertini, Robert Falvo, James Gentile, Mark McAndrew, American Income Life Insurance Company, Torchmark Corporation, Family Heritage Life Insurance Company of America, and Liberty National Life Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #21) is

**GRANTED**, and Plaintiff's claims against the Torchmark Defendants are **DISMISSED** with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

All relief not previously granted is **DENIED**. The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 14th day of December, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE